UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY S. BURT,

        Plaintiff,

v.                                                                       Case No. 19-C-739

CHASE AUTO FINANCE CORPORATION,

        Defendant.

**DECISION AND ORDER**

Plaintiff Jeremy Burt commenced this action in state court claiming Defendant Chase Auto Finance Corporation improperly repossessed his vehicle. Reflecting the lack of clarity endemic to American law, the First Amended Complaint (FAC) alleges six overlapping contract, tort, and statutory claims. More specifically, the FAC alleges a violation of Wisconsin's Uniform Commercial Code, civil theft, invasion of privacy, trespass to land and chattel, conversion, and breach of contract. Chase removed the case to federal court on the basis of diversity jurisdiction and filed a motion to dismiss Burt's civil theft, invasion of privacy, trespass, and conversion claims on the ground that they are barred by Wisconsin's economic loss doctrine. For the following reasons, Chase's motion will be denied.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most

favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A simple, formulaic recitation of the elements of a cause of action will not do." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT

Burt resides in Winnebago County, Wisconsin. In 2018, Burt entered into a retail installment contract for the purchase of a 2018 Subaru WRX, in which Chase held a security interest. Under the contract, Chase agreed to finance the purchase of the vehicle, and Burt agreed to make a $2,700.00 down payment and 75 monthly installment payments of $661.97, for a total payment amount of $52,347.75. The contract warned Burt that, if he defaulted, Chase could repossess the vehicle and Burt could be liable for collection costs.

Burt claims that, despite making timely payments under the contract, Chase sent agents to repossess the vehicle on September 17, 2018. Burt demanded the return of his vehicle, but Chase refused. As a result of Chase's actions, Burt asserts he has been deprived the use of his vehicle and has suffered extreme emotional distress, embarrassment, anxiety, fear, shame, distress, and post-traumatic stress disorder. Burt asserts six causes of action against Chase arising out of these

2

allegations: a violation of Wisconsin's Uniform Commercial Code, civil theft, invasion of privacy, trespass to land and chattel, conversion, and breach of contract.

## ANALYSIS

**A. Invasion of Privacy, Trespass to Land and Chattel, and Conversion Claims**

Chase asserts that the court should dismiss Burt's invasion of privacy, trespass to land and chattel, and conversion claims because they are barred by Wisconsin's economic loss doctrine. The economic loss doctrine is a "judicially-created doctrine that seeks to preserve the distinction between contract and tort." *Ins. Co. of N. Am. v. Cease Elec., Inc.*, 2004 WI 39, ¶ 15, 276 Wis. 2d 361, 688 N.W.2d 462 (citation omitted). While the doctrine is classically applied to cases where a plaintiff seeks to recover damages suffered when a product does not perform as promised, "Wisconsin courts have further defined the parameters of the economic loss doctrine and referred to it more broadly as 'precluding contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship.'" *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 27, 283 Wis. 2d 555, 699 N.W.2d 205 (alterations and citation omitted); *see also Below v. Norton*, 2007 WI App 9, ¶ 15, 297 Wis. 2d 781, 728 N.W.2d 156 (Wis. Ct. App. 2006) (noting that the economic loss doctrine "is intended to bar purely economic losses in situations when the relationship between the two parties involves a contract for a product"). The doctrine is "based on an understanding that contract law and the law of warranty, in particular, is better suited than tort law for dealing with purely economic loss in the commercial arena." *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 26, 270 Wis. 2d 146, 677 N.W.2d 233 (citation omitted). The Wisconsin Supreme Court has recognized three policies underlying the doctrine: "(1) to maintain the fundamental distinction between tort law and contract law; (2) to protect commercial

parties' freedom to allocate economic risk by contract; and (3) to encourage the party best situated to assess the risk [of] economic loss, the commercial purchaser, to assume, allocate, or insure against that risk." *Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 403, 573 N.W.2d 842 (1998).

Although Wisconsin's economic loss doctrine has an extensive reach, *see H.A. Friend & Co. v. Professional Stationary, Inc.*, 2006 WI App 141, ¶ 15, 294 Wis. 2d 754, 720 N.W.2d 96, the doctrine has not been extended to the circumstances presented here. Again, the economic loss doctrine seeks to protect parties' freedom to allocate economic risk by contract and to encourage the party best situated to assess the risk to insure against that risk. *Kaloti Enters., Inc.*, 283 Wis. 2d 555, ¶ 28. In this case, Burt claims Chase repossessed his vehicle even though he made timely monthly payments under the installment contract. The improper repossession and unauthorized taking of his vehicle is not the type of risk that Burt could have reasonably anticipated and addressed in the contract.

According to Chase, Burt's tort claims are simply restatements of his breach of contract claim. But they are not. Indeed, instead of using tort law to recover for breach of contract, it appears that Burt is dressing up his tort claims as a UCC violation and breach of contract. If the allegations of the complaint are true, it appears that Chase had no contractual right to repossess Burt's car. But that does not mean Chase breached the contract or violated the UCC. It simply means it likely has no defense to his tort claims. In other words, if any claims should be dismissed, it is likely the UCC and breach of contract claims. Eventually, the inconsistent and confusing claims asserted in the FAC will have to be sorted out. But the argument that the tort claims are barred by the economic loss doctrine simply because Burt has asserted questionable contract claims

4

finds no support in the law. *See, e.g.*, *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 583 (6th Cir. 2016) (holding that "post-delivery repossession by a non-lien-holding seller is not the sort of risk typically anticipated by buyers in the ordinary course of bargaining for a commercial transaction. Thus, Plaintiff could not reasonably have been expected to bargain against the possibility that Defendants would repossess the vehicle without any legal authority, which is what occurred under Plaintiff's version of disputed facts."). In short, the nature of Burt's claims and the facts alleged in the amended complaint fall outside the reach of the economic loss doctrine. Accordingly, the court will not dismiss Plaintiff's invasion of privacy, trespass to land and chattel, and conversion claims under the economic loss doctrine.

**B. Civil Theft Claim**

Chase also seeks dismissal of Burt's civil theft claim. Burt's claim for civil theft arises under Wis. Stat. §§ 943.20 and 895.446. Wisconsin's civil theft statute, Wis. Stat. § 895.446, affords a civil right of action to recover damages from anyone who has committed criminal theft. To state a civil theft claim based on conduct prohibited by Wisconsin's criminal theft statute, Burt must allege that Chase "[i]ntentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of such property." Wis. Stat. § 943.20. Chase argues that Burt's civil theft claim should be dismissed because he failed to allege criminal intent. In the amended complaint, Burt alleges that Chase exercised dominion and control over his vehicle without his consent and without the lawful right to do so and with intent to deprive him permanently of possession of the car in violation of Wisconsin's civil theft statute. Am. Compl. ¶ 27. In other words, Burt has alleged that Chase intentionally took his vehicle and intended to permanently

5

deprive him of it. Construing all allegations in favor of the plaintiff, as the court is required to do at this stage, the court finds that Burt has stated a civil theft claim against Chase.

## CONCLUSION

For these reasons, Chase's motion to dismiss (Dkt. No. 16) is **DENIED**. The Clerk is directed to set the matter on the court's calendar for a telephone scheduling conference.

**SO ORDERED** this  21st  day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
