UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY S. BURT,

    Plaintiff,

    v.                                        Case No. 19-C-739

CHASE AUTO FINANCE CORPORATION,

    Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Jeremy Burt commenced this action asserting Defendant Chase Auto Finance Corporation improperly repossessed his vehicle. Plaintiff's First Amended Complaint alleges a violation of Wisconsin's Uniform Commercial Code, civil theft, invasion of privacy, trespass to land and chattel, conversion, and breach of contract. Chase filed a motion to dismiss Burt's civil theft, invasion of privacy, trespass, and conversion claims on the ground that they are barred by Wisconsin's economic loss doctrine. The court denied the motion to dismiss on November 21, 2019. This matter comes before the court on Chase's motion for reconsideration. For the following reasons, the motion will be granted.

## LEGAL STANDARD

A motion for reconsideration serves a very limited purpose in federal civil litigation. It should only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing

party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

At the same time, "a motion for reconsideration performs a valuable function where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannen Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Reconsideration is a useful mechanism when the court has clearly erred and immediate correction will save time and expense in the long run." *Eivaz v. Edwards*, No. 12-cv-910, 2015 WL 59347, at *1 (E.D. Wis. Jan. 5, 2015).

## ANALYSIS

Chase requests that the court reconsider its conclusion that Burt's invasion of privacy, trespass, and conversion claims are not barred by the economic loss doctrine. It asserts those claims depend entirely on the retail installment contract the parties entered into and are not independent of Burt's breach-of-contract claim. As the court has previously explained, the economic loss doctrine is a "judicially-created doctrine that seeks to preserve the distinction between contract and tort." *Ins. Co. of N. Am. v. Cease Elec., Inc.*, 2004 WI 39, ¶ 15, 276 Wis. 2d 361, 688 N.W.2d 462 (citation omitted). Wisconsin courts have found that the doctrine precludes "contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 27, 283 Wis. 2d 555, 699 N.W.2d 205 (alterations and citation omitted). Chase cites *Piano Gallery Madison, LLC v. Create Music, LLC*, No. 17-cv-713, 2018 WL 3475474 (W.D.

Wis. July 19, 2018), and *Brainstorm Interactive, Inc. v. School Specialty Inc.*, No. 14-cv-50-wmc, 2014 WL 6893881 (W.D. Wis. Dec. 5, 2014), to support its position. In *Piano Gallery*, Piano Gallery Madison, LLC's (PGM) managing member sold PGM's business to Create Music, LLC (CM). PGM filed suit against CM and its employees, alleging that CM failed to perform as they were required under the asset purchase agreement executed by the parties, and CM asserted counterclaims against PGM and its managing member. *Piano Gallery*, 2018 WL 3475474, at *1. PGM moved to dismiss several of CM's counterclaims. As relevant here, PGM asserted that CM's conversion claim, which is based on CM's allegations that PGM retained several purchased assets that PGM agreed to sell to CM, is barred by the economic loss doctrine. *Id.* The court concluded that the conversion claim appeared to be a "prototype" of those barred by the economic loss doctrine, reasoning that "[t]he conversion claim depends entirely on the asset purchase agreement: PGM only 'took' CM's property if the agreement transferred ownership of the items to CM. CM can't prove its conversion claim without proving its breach-of-contract claim; the claims rise and fall together." *Id.* at *3. Finding that the conversion claim was redundant to the breach-of-contract claim and barred by the economic loss doctrine, the court dismissed the conversion claim. *Id.*

Similarly, in *Brainstorm*, the defendant had a license to use the plaintiff's trademarks and copyrights, and the license agreement provided that the defendant "must return all" physical masters upon the license's termination. 2014 WL 6893881, at *7. The parties terminated the license, and the plaintiff filed a lawsuit asserting federal claims for copyright and trademark infringement and state law claims for conversion and violations of Wisconsin's Deceptive Trade Practices Act. The plaintiff brought its conversion claim based on the defendant's failure to return the physical masters, and the defendant asserted the claim was barred by the economic loss

3

doctrine. *Id.* at *13. The court concluded that the economic loss doctrine barred the conversion claim. Although the court found "Wisconsin courts' broad application of the economic loss doctrine troubling at times," it determined the doctrine proved to be an "easy and fair fit" here because "the parties expressly *contracted* for the return of the physical assets." *Id.* at *14. The court reasoned, "the defendant refused to turn over the physical masters, which is a risk the parties not only *could* have reasonably contemplated, but *did* contemplate in their licensing agreement." *Id.* In light of the fact that the plaintiff failed to identify any basis requiring the defendant to preserve, much less return, the physical masters, except for the contract provision itself, the court concluded the plaintiff could not maintain a conversion claim. *Id.*

Although the court initially relied on *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571 (6th Cir. 2016), in concluding that Burt's invasion of privacy, trespass, and conversion claims were not barred by the economic loss doctrine, the court finds the reasoning in *Piano Gallery* and *Brainstorm* to be persuasive. In *Tyson*, the court allowed the plaintiff to proceed on a conversion claim against the defendant car dealership based on the defendant's allegedly improper repossession of the plaintiff's vehicle, reasoning that post-delivery repossession by a non-lien-holding seller is not the sort of risk typically anticipated by buyers in the ordinary course of bargaining for a commercial transaction. *Id.* at 583. Unlike the defendant in *Tyson*, Chase is a party to the retail installment contract and a lienholder of the vehicle and the parties contemplated Chase's potential illegal seizure of Burt's vehicle in the contract. The contract states, "We [Chase] may only take the vehicle if we do so peacefully and the law allows it." Dkt. No. 1-2 at 14. In other words, the parties not only could have contemplated the risk that Chase would unlawfully repossess Burt's vehicle but did contemplate that risk in the retail installment contract: if Chase unlawfully repossesses the vehicle, Burt may assert a breach of contract claim against Chase and

4

seek contractual remedies. Burt's invasion of privacy, trespass, and conversion claims depend entirely on the contract and thus are barred by the economic loss doctrine. Accordingly, these claims will be dismissed.

## CONCLUSION

For these reasons, Chase's motion for reconsideration (Dkt. No. 26) is **GRANTED**. Burt's invasion of privacy, trespass, and conversion claims are dismissed. The court's prior decision denying Chase's motion to dismiss with respect to these claims is vacated. The Clerk is directed to set the matter for a telephone conference to address further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of April, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court